```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

THOMAS H. FLUHARTY, Trustee of the
Bankruptcy Estate of D. Kevin Coleman
and Diane M. Coleman and
D. KEVIN COLEMAN and DIANE M. COLEMAN,

    Plaintiffs,

v.                                    Civil Action No. 5:13CV68
                                                          (STAMP)
QUICKEN LOANS, INC., TITLE SOURCE, INC.
and BANK OF AMERICA, N.A.,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
QUICKEN LOANS, INC.'S AND TITLE SOURCE, INC.'S
MOTIONS TO DISMISS AND
DIRECTING PLAINTIFFS TO FILE A MORE
DEFINITE STATEMENT AS TO COUNT III</u>**

I.  <u>Background</u>

     The plaintiffs filed the original complaint in this action against defendants, Quicken Loans, Inc. ("Quicken Loans"), Title Source, Inc. ("Title Source"), and Bank of America, N.A. ("Bank of America") alleging claims arising from the execution of two deeds of trust, one on May 22, 2009 and the other on December 16, 2008 by plaintiffs, D. Kevin Coleman and Diane M. Coleman ("Coleman plaintiffs") with Quicken Loans.  The Coleman plaintiffs executed the deeds of trust to secure the payment of loans provided to them by Quicken Loans on the same dates.  The deeds of trust granted security interests in the residence of the Coleman plaintiffs.

Prior to the defendants filing any responsive pleadings, the plaintiffs filed an amended complaint, which seems to only add a page to the complaint that was previously missing from the original complaint. In the amended complaint, the plaintiffs allege six claims based on the West Virginia Residential Mortgage Lender, Broker, and Servicer Act ("WVRMBSA"), W. Va. Code § 31-17-1, et seq., and the West Virginia Consumer Protection Act ("WVCPA"), W. Va. Code § 46 A-1-101, et seq. As relief, the plaintiffs seek to recover damages, including punitive damages, to cancel loans, to have deeds of trust declared of no further force and effect, and the plaintiffs seek attorneys' fees and costs.

Count I of the amended complaint alleges that the plaintiffs were not provided with signed documents, in violation of the WVRMBSA. Count II alleges that because Quicken Loans and Title Source are each owned by the same parent corporation, any payment made by Title Source in connection with the transactions was not a payment to an "unrelated third party" and thus, such payments were prohibited by the WVRMBSA. Count III alleges that Quicken Loans' and Title Source's actions rendered the transaction with the plaintiffs unconscionable. Count IV alleges that Quicken Loans' and Title Source's actions created a false impression that the fees were lawful in violation of the WVCPA. Count V alleges that Quicken Loans' and Title Source's failure to disclose their relationship was a deceptive practice and unlawful within the

2

meaning of the WVCPA.  Count VI alleges that Bank of America acquired whatever interest existed in the purported loan and deed of trust subject to the plaintiffs' claims and, as a result, the plaintiffs' claims against Quicken Loans, with respect to the validity of the loan and deed of trust, will bind Bank of America.

After the plaintiffs filed the amended complaint, the defendants filed separate responsive pleadings.  Bank of America filed an answer in response to the amended complaint, whereas defendants Quicken Loans and Title Source filed motions to dismiss.[1]  In the moving defendants' motion to dismiss, they argue that: (1) Count I must be dismissed because it is time-barred, and because the cited code section of the WVRMBSA does not require the provision of signed copies; (2) Count II must be dismissed because it is time-barred, and because the cited code section of the WVRMBSA does not prohibit the types of payments allegedly made by Quicken Loans to Title Source; (3) Count III must be dismissed because the plaintiffs failed to allege both procedural and substantive unconscionability; (4) Count IV must be dismissed because the code section only applies to debt collectors, and the plaintiffs do not allege that moving defendants engaged in any debt

---

[1] While both Quicken Loans and Title Source filed separate motions to dismiss, Title Source's motion merely states that it joins in Quicken Loans' motion.  Thus, the parties do not make separate arguments for dismissal and this Court will therefore, discuss the motions as one.  Further, this Court will hereinafter refer to Quicken Loans and Title Source as the "moving defendants."

collection activity that would put the cited code section of the WVCPA at issue; and (5) Count V must be dismissed because the cited code section of the WVCPA does not apply to the moving defendants, and even if it did, the plaintiffs have not pled that they met the statutory prerequisites for their claim.

The plaintiffs responded to the motions to dismiss contesting moving defendants' arguments as to Counts I, II and III of the amended complaint. The plaintiffs, however, state that they are willing to have Counts IV and V of the amended complaint dismissed on the basis that the code sections of the WVCPA alleged to have been violated in those counts, do not apply to the moving defendants. The moving defendants filed a timely reply to plaintiffs' response reiterating their arguments as to why these remaining counts should be dismissed. Accordingly, the moving defendants' motions to dismiss are fully briefed and ripe for review.

For the reasons stated below, this Court grants the moving defendants' motions to dismiss the amended complaint as to Counts I, II, IV and V but denies the motions to dismiss as to Count III.

## II. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

### III. Discussion

A. Counts I and II

The moving defendants first argue that Counts I and II should be dismissed because the statute of limitations for bringing claims

5

under the WVRMBSA has expired, and such claims are thus, time-barred. The moving defendants argue that the applicable two-year statute of limitations started to run from the dates of execution of the loans and deeds of trust, which were May 22, 2009 and December 16, 2008. The plaintiffs argue that the statute of limitations in this instance does not accrue for purposes of the asserted violations until the last payment is due or made on the loans in question. While the plaintiffs do not provide this Court with the due date of the last payments, this Court assumes that such payments were not yet due and thus, have not yet been made.

The West Virginia Code does not provide for a specific statute of limitations for claims brought under the WVRMBSA. See W. Va. Code § 31-17-1, et seq. Therefore, the statute of limitations is either one or two years pursuant to the West Virginia "catch-all" statute of limitations for personal actions. W. Va. Code § 55-2-12.[2] The parties do not dispute the applicability of

---

[2]West Virginia Code § 55-2-12 provides: Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

§ 55-2-12.³   Thus, the issue is when the one or two year limitations period begins to run.

Under West Virginia law,

> [t]he statute of limitations in a tort action begins to run ordinarily from the date of the injury, and the mere lack of knowledge of the actionable wrong ordinarily does not suspend the running of the statute of limitations, nor does the silence of the wrongdoer, unless he or she has done something to prevent discovery of the wrong.

Sattler v. Bailey, 400 S.E.2d 220, 227 (W Va. 1990).  The plaintiffs, however, assert that based on Snodgrass v. Sisson's Mobile Home Sales, Inc., 244 S.E.2d 321 (W. Va. 1978), the statute of limitations in this matter does not run until one year after the last payment is due or made on the loan.  In Snodgrass, the West Virginia Supreme Court found that a party may institute an action to collect a usury penalty under West Virginia Code § 47-6-6 "at any time until one year after the last payment is due or made on the usurious contract."  Id. at 327.  It seems that the court in Snodgrass based its decision on three factors.  First, it stated that the West Virginia Supreme Court "has historically construed usury statutes in favor of the debtor, upon the premise that usury is against public policy."  Id. at 326.  Second, it found that based on a reading of the statute "that an action could be brought

---

³The plaintiffs state that the one year limitations period in West Virginia Code § 55-2-12(c) applies, while the defendants state that the two year limitations period found in West Virginia Code § 55-2-12(a)-(b) applies.  For this Court's analysis, it does not matter whether the one year or the two year limitations period applies.  Thus, this Court declines to address this issue.

7

as long as payments were being made on the contract without regard to when it was executed." Id. Third, it found that the provision of the usury statute that allowed for the defense of a bona fide error, which allows a creditor to rectify its error within 15 days after receiving notice of such error, militated against the commencement of the one-year statute at the time of execution. Id.

The plaintiff argues that the statute in question, which is part of the WVRMBSA, operates similarly to the usury statute. This Court finds that the WVRMBSA does have a provision similar to the bona fide error defense provided for in usury statute. See W. Va. Code § 37-17-17(d). Other than this similarity, however, the other factors that the court in Snodgrass used in determining when the statute of limitations starts to run are inapplicable to the statute at issue. There is nothing in either of the provisions of the WVRMBSA that seems to indicate that an action can be brought without regard to when the loan was executed. Further, in the case of usury, an individual is continually harmed by the repeated payment of interest beyond the lawful amount. The injuries alleged in this instance, concerning the provisions at issue occurred during the time of the loan closing.

Plaintiffs allegation in Count I alleges a violation of West Virginia Code § 37-17-8(j)(6) of the WVRMBSA. This provision states that "[a] borrower must be given a copy of every signed document executed by the borrower at the time of closing." W. Va.

8

Code § 37-17-8(j)(6). This violation occurs at the time of closing. Every payment made thereafter on the loan does not result in a continued violation of this provision and thus, an injury to the plaintiffs. Accordingly, the statute of limitations started to run from the date of the closings, which were May 22, 2009, and December 16, 2008. These dates are at least over four years before the date the complaint in this matter was filed. Thus, Count I is clearly barred by either the one or two year statute of limitations provided for under West Virginia Code § 55-2-12.

In Count II, the plaintiffs allege that the defendants violated West Virginia Code § 37-17-8(g) of the WVRMBSA. This section states that, "[e]xcept for fees for services provided by unrelated third parties for appraisals, inspections, title searches and credit reports, no application fee may be allowed whether or not the mortgage loan is consummated." W. Va. Code § 37-17-8(g). The plaintiffs allege that this section should be read to not allow application fees to be paid to related parties. Thus, the plaintiffs assert that the moving defendants violated this provision because the moving defendants are related parties, and Quicken loans distributed "monies" to Title Source, Inc. in connection with the executions of the loans and deeds of trust. ECF No. 12 *5. Again, assuming without deciding that the allegations even amount to a violation of the WVRMBSA, this violation occurred when the transactions took place on either May

9

22, 2009 or December 16, 2008. There is no allegation that monies were thereafter continually distributed by Quicken Loans to Title Source or that the plaintiffs were in any ways injured with every payment. Accordingly, the statute runs from the date of injury, which here is at the latest May 22, 2009. Thus, whether the statute of limitations is one or two years, it has certainly run, and therefore Count II is also time-barred.

B. Count III

The moving defendants next argue that Count III, in which the plaintiffs assert an unconscionability claim, fails because the plaintiffs have failed to make any allegations that either of the loans at issue was procedurally or substantively unconscionable. The plaintiffs, however, assert that they have sufficiently alleged a claim for unconscionability.

Under West Virginia law, finding a contract unenforceable based upon unconscionability requires findings of some level of both procedural and substantive unconscionability and is based upon a finding of a high degree of "inequities, improprieties, or unfairness" in both the procedure of the creation of the contract, and in the contents of the contract itself. Brown v. Genesis Healthcare Corp., 729 S.E.2d 217, 226-27 (W. Va. 2012). The only allegation contained in the plaintiffs' complaint concerning their unconscionability claim is that because the defendants' actions were done in violation of the WVRMBSA, these actions rendered the

transaction unconscionable. This Court cannot say at this time that such statement sufficiently alleges unconscionability under the above described West Virginia law. Based on all of the facts alleged, however, this Court at this time can also not definitively say that the plaintiffs are not entitled to relief under this claim. Accordingly, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the plaintiffs are directed to file a more definite statement as to Count III, which is their claim concerning unconscionability. The statement should provide further factual allegations as to why the transactions were procedurally or substantively unconscionable, or both. The more definite statement shall be filed on or before November 20, 2013.

C.  Counts IV and V

The plaintiffs stated in their response to the moving defendants' motions to dismiss that they are willing to have Counts IV and V of the amended complaint dismissed on the basis that the code sections of the WVCPA alleged to have been violated in those counts do not apply to the moving defendants. Accordingly, this Court finds that such claims are dismissed with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

IV.  Conclusion

For the reasons stated above, Quicken Loans' and Title Source's motions to dismiss are GRANTED as to Counts I, II, IV, and V, and DENIED as to Count III. The plaintiffs, however, are

DIRECTED to file a more definite statement as to Count III on or before **November 20, 2013**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 7, 2013

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE