```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

THOMAS H. FLUHARTY, Trustee of the
Bankruptcy Estate of D. Kevin Coleman
and Diane M. Coleman and
D. KEVIN COLEMAN and DIANE M. COLEMAN,

      Plaintiffs,

v.                                      Civil Action No. 5:13CV68
                                                         (STAMP)
QUICKEN LOANS, INC., TITLE SOURCE, INC.
and BANK OF AMERICA, N.A.,

      Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING BANK OF AMERICA'S MOTION
TO JOIN MOTIONS TO DISMISS,
DENYING DEFENDANTS' MOTIONS TO DISMISS
AND DENYING PLAINTIFFS' MOTION TO CERTIFY**

I.  Background

The plaintiffs filed the original complaint in this action against defendants, Quicken Loans, Inc. ("Quicken Loans"), Title Source, Inc. ("Title Source"), and Bank of America, N.A. ("Bank of America"), alleging claims arising from the execution of two deeds of trust, one on May 22, 2009 and the other on December 16, 2008 by plaintiffs, D. Kevin Coleman and Diane M. Coleman ("Coleman plaintiffs") with Quicken Loans.  The Coleman plaintiffs executed the deeds of trust to secure the payment of loans provided to them by Quicken Loans on the same dates.  The deeds of trust granted security interests in the residence of the Coleman plaintiffs.

Prior to the defendants filing any responsive pleadings, the plaintiffs filed an amended complaint, which only added a page that was previously missing from the original complaint. In the amended complaint, the plaintiffs alleged six claims based on the West Virginia Residential Mortgage Lender, Broker, and Servicer Act ("WVRMBSA"), W. Va. Code § 31-17-1, et seq., and the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101, et seq. As relief, the plaintiffs seek to recover damages, including punitive damages, to cancel loans, to have deeds of trust declared of no further force and effect, and the plaintiffs seek attorneys' fees and costs.

Count I of the amended complaint alleged that the plaintiffs were not provided with signed documents, in violation of the WVRMBSA. Count II alleged that because Quicken Loans and Title Source are each owned by the same parent corporation, any payment made by Title Source in connection with the transactions was not a payment to an "unrelated third party" and thus, such payments were prohibited by the WVRMBSA. Count III alleged that Quicken Loans' and Title Source's actions rendered the transaction with the plaintiffs unconscionable. Count IV alleged that Quicken Loans' and Title Source's actions created a false impression that the fees were lawful in violation of the WVCCPA. Count V alleged that Quicken Loans' and Title Source's failure to disclose their relationship was a deceptive practice and unlawful within the

meaning of the WVCCPA. Count VI alleged that Bank of America acquired whatever interest existed in the purported loan and deed of trust subject to the plaintiffs' claims and, as a result, the outcome of plaintiffs' claims against Quicken Loans, with respect to the validity of the loan and deed of trust, will bind Bank of America.

After the plaintiffs filed the amended complaint, the defendants filed separate responsive pleadings. Bank of America filed an answer in response to the amended complaint, whereas defendants Quicken Loans and Title Source filed motions to dismiss. This Court granted Quicken Loans' and Title Source's motions to dismiss as to Count I, II, IV, and V and denied the motions as to Count III. This Court, however, ordered the plaintiffs to file a more definite statement as to Count III. As a result of this Court's order on the motions to dismiss, the only remaining claims in the complaint are Count III, which is the plaintiffs' claim alleging unconscionability and Count V, which is the plaintiffs' claim asserting that Bank of America will be bound by the outcome of their claims against Quicken Loans.

After this Court entered its order, the plaintiffs filed an amended complaint in response to this Court's order requiring a more definite statement as to Count III. The plaintiffs also filed a motion to certify a question to the West Virginia Supreme Court of Appeals. Quicken Loans and Title Source responded in opposition

to the motion to certify and the plaintiffs replied. Prior to responding to the motion to certify, Quicken Loans and Title Source filed motions to dismiss the amended complaint.[1] Bank of America then moved to join in Quicken Loans' and Title Source's motion to dismiss. The plaintiffs did not file any response in opposition to Bank of America's motion to join. The plaintiffs did, however, respond in opposition to the motion to dismiss. For the reasons more fully explained below, this Court grants Bank of America's motion to join, denies the defendants' motion to dismiss, and denies the plaintiffs' motion to certify.

## II. Applicable Law

A. Motion to Certify Question

West Virginia has enacted the Uniform Certification of Questions of Law Act, W. Va. Code § 51-1A-1, et seq., which provides, in pertinent part:

> The supreme court of appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending cause in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

W. Va. Code § 51-1A-3. The West Virginia Supreme Court of Appeals has recognized that the provisions of the Uniform Certification of

---

[1] While both Quicken Loans and Title Source filed separate motions to dismiss, Title Source's motion merely states that it joins in Quicken Loans' motion. The parties do not make separate arguments for dismissal and this Court will therefore, discuss the motions as one.

Questions of Law Act are not mandatory. Morningstar v. Black and Decker Mfg. Co., 253 S.E.2d 666, 668 (W. Va. 1979). Thus, certification is discretionary both for the certifying court and for the court requested to answer the certified question. The West Virginia Supreme Court of Appeals has stated "[i]t is rather apparent that where our State's substantive law is clear, there is no need to obtain certification under W. Va. Code, 51-1A-1, et seq." Id. at 669.

B.  Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest

about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  <u>Id.</u>  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

III. <u>Discussion</u>

A. <u>Motion to Certify</u>

The plaintiffs pose the following question for certification: "Whether the violation of the West Virginia Residential Mortgage Lender Act, W. Va. Code § 31-17-1, et seq., alleged in the instant amended complaint would be barred by the applicable statute of limitations?" ECF No. 36 *1. The plaintiffs assert that the argument, which they made against such bar in opposition to Quicken Loans' and Title Source's original motion to dismiss, was a reasonable argument that may be adopted by the West Virginia Supreme Court of Appeals. Thus, the plaintiffs argue that this Court should certify such question pursuant to West Virginia Code § 51-1A-3.

Quicken Loans and Title Source, however, argue that the plaintiffs' motion to certify is nothing more than an improper attempt to re-litigate issues previously decided and to manufacture an opportunity for an interlocutory appeal that is not available to them. Specifically, Quicken Loans and Title Source argue that the plaintiffs' motion does not meet the requirements of the certification statute, the motion is improper and untimely, and the motion is not in the interests of judicial economy.

This Court finds the plaintiffs' request for certification to the Supreme Court of Appeals of West Virginia to be untimely and such question fails to satisfy the requirements of the

7

certification statute. This Court issued an order concerning plaintiffs' question on November 7, 2013. In such order, this Court found that the statute of limitations applicable to Count I and II of the plaintiffs' complaint barred the plaintiffs' claims under the WVRMBSA. Thus, there is no longer any "pending cause" that would allow this Court to certify such question to the West Virginia Supreme Court of Appeals under West Virginia Code § 51-1A-3. Further, the plaintiffs had the opportunity to request certification of this issue prior to this Court's order, but the plaintiffs chose not to do so. See Dowell v. State Farm and Cas. Auto. Ins. Co., 774 F. Supp. 996, 1001 (S.D. W. Va. 1991) ("The Plaintiff made calculated and deliberate decisions not to move for certification before entry of judgment or appeal the judgment thereafter. Hence, we do not find extreme hardship that would compel granting relief inasmuch as the Plaintiff knowingly and voluntarily passed over the means to protect his interest in litigation . . . ."). Accordingly, the plaintiffs' motion for certification to the West Virginia Supreme Court of Appeals must be denied.

B.  Motion to Dismiss

In the defendants' motion to dismiss, they argue that the plaintiffs did not provide this Court with sufficient facts to state a claim for unconscionability in Count III of their complaint. Under West Virginia law, finding a contract

8

unenforceable based upon unconscionability requires findings of some level of both procedural and substantive unconscionability and is based upon a finding of a high degree of "inequities, improprieties, or unfairness" in both the procedure of the creation of the contract, and in the contents of the contract itself. Brown v. Genesis Healthcare Corp., 729 S.E.2d 217, 226-27 (W. Va. 2012) (hereinafter "Brown II").

First, this Court notes that the plaintiffs' assertion in paragraph 42A of their amended complaint that procedural unconscionability alone supports a cause of action is without merit. The West Virginia Supreme Court of Appeals stated in Credit Acceptance Corp. v. Front, that while the author of the opinion, separate from the majority, questioned the need for establishing both procedural and substantive unconscionability, the case did not present the proper opportunity for such an analysis. 745 S.E.2d 556, 564 n.8 (2013). This was in no way a determination that West Virginia law no longer required a finding of both procedural and substantive unconscionability, but merely a statement from the author of the opinion that he questioned the current law established in Brown II. Brown II has not been overruled by the West Virginia Supreme Court of Appeals, and the author of Credit Acceptance concedes as much. Accordingly, both procedural and substantive unconscionability must be proven to establish an unconscionability claim.

9

Second, plaintiffs' assertion in paragraph 42 of their amended complaint that United States Life Credit Corp. v. Wilson, stood for the proposition that a violation of specific provisions of West Virginia law is sufficient to find unconscionability is also without merit. See 301 S.E.2d 169. In Wilson, the West Virginia Supreme Court of Appeals found that the loan contracts involved were unconscionable without taking into account the facts involved in the execution of the contracts, as the contract required the waiver of certain statutory rights. 301 S.E.2d 172-73. The plaintiffs in this matter are not alleging that the contracts at issue required the waiver of any statutory rights, but instead they are alleging that because the defendants allegedly committed violations of West Virginia law, the contracts are unconscionable. This Court does not read Wilson for the proposition that any violation of West Virginia law amounts to a finding of unconscionability. Instead, as other courts have found, Wilson seems to stand for the proposition that the required waiver of certain statutory rights constitutes unconscionability. Mallory v. Mortgage America, Inc., 67 F. Supp. 2d 601, 612-13 (S.D. W. Va. 1999). As such, Wilson is inapplicable to the facts at issue.

The plaintiffs also cite Calvary SPV I, LLC v. Morrisey, 752 S.E.2d 356 (W. Va. 2013), in support of their argument that unconscionability can be found by finding a violation of specific provisions of West Virginia law. This Court does not read Calvary

as asserting such a proposition, nor does it read Calvary in conjunction with Mallory as asserting such a proposition. The West Virginia Supreme Court of Appeals in Calvary examined the subpoena powers of the West Virginia Attorney General. Specifically, the court examined whether it was permissible for the Attorney General to seek an injunction for violations of the WVCCPA, or for unconscionable conduct or agreements. The court did not hold that a violation of the WVCCPA was the equivalent to a finding of unconscionability, nor was that even an issue in the case. Thus, this Court finds that Calvary is also inapplicable to the facts at issue in this matter.

This Court, however, does find that the plaintiffs have cited sufficient facts to withstand the defendants' motion to dismiss. As to unconscionability, the WVCCPA provides that:

> (1) With respect to a transaction which is or gives rise to a consumer credit sale, consumer lease or consumer loan, if the court as a matter of law finds:
> (a) The agreement or transaction to have been unconscionable at the time it was made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement, or
> (b) Any term or part of the agreement or transaction to have been unconscionable at the time it was made, the court may refuse to enforce the agreement, or may enforce the remainder of the agreement without the unconscionable term or part, or may so limit the application of any unconscionable term or part as to avoid any unconscionable result.

W. Va. Code § 46A-2-121. While the WVCCPA does not define unconscionability, the West Virginia Supreme Court of Appeals has

relied on the definition provided in the Uniform Consumer Credit Code. Quicken Loans, Inc. v. Brown, 737 S.E.2d 640, 656-57 (W. Va. 2012). The drafters of the Uniform Consumer Credit Code stated that:

> [t]he basic test is whether, in the light of the background and setting of the market, the needs of the particular trade or case, and the condition of the particular parties to the conduct or contract, the conduct involved is, or the contract or clauses involved are so one sided as to be unconscionable under the circumstances existing at the time the conduct occurs or is threatened or at the time of the making of the contract . . . The particular facts involved in each case are of utmost importance since certain conduct, contracts or contractual provisions may be unconscionable in some situations but not in others.

Uniform Consumer Credit Code, § 5.108 cmt. 3 (1974).

As stated above, a party claiming that a contract is unconscionable must demonstrate both procedural and substantive unconscionability under West Virginia law. Brown II, 729 S.E.2d at 227. "Procedural unconscionability is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract." Id. (quoting Syl. pt. 17, Brown v. Genesis Healthcare Corp., 724 S.E.2d 250 (W. Va. 2011) (hereinafter "Brown I")). "Substantive unconscionability involves unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party." Id. (quoting Syl. pt. 19, Brown I).

Further, this Court must note that "[u]nconscionability claims should but rarely be determined based on the pleadings alone with no opportunity for the parties to present relevant evidence of the circumstances surrounding the consummation of the contractual relationship." Mallory, 67 F. Supp. 2d at 612 (citation omitted). As the court in Mallory stated, the record needs to be fully developed "because whether a meaningful choice is present in a particular case can only be determined by consideration of all the circumstances surrounding the transaction." Id.  The WVCCPA specifically states that "[i]f it is claimed or appears to the court that the agreement or transaction or any term or part thereof may be unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose and effect to aid the court in making the determination." W. Va. Code § 46A-2-121(2).

In analyzing the facts asserted in the light most favorable to the plaintiffs, this Court finds that the plaintiffs have stated a plausible claim of unconscionability.  The plaintiffs have alleged generally that the lending transactions were both procedurally and substantively unconscionable.  Specifically, they assert that they were not provided signed documents at the time of closing, and that by assessing fees for a related entity in violation of West Virginia law, the defendants overcharged the plaintiffs and failed to permit market forces to establish the best market price for

13

services necessary to complete a real estate closing. While discovery may prove that the plaintiffs cannot establish procedural and substantive unconscionability, the plaintiffs have at this time, stated a claim to relief that is plausible on its face.

## IV. Conclusion

For the reasons stated above, Bank of America, N.A.'s motion to join Quicken Loans, Inc.'s and Title Source, Inc.'s motion to dismiss (ECF No. 48) is GRANTED, Quicken Loans, Inc.'s and Title Source, Inc.'s motion to dismiss (ECF Nos. 42 and 43) are DENIED, and plaintiffs' motion to certify (ECF No. 36) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     February 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE